IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NICHOLS,<br><br>    Plaintiff,<br><br>  v.<br><br>ELOY MEDINA; L. GOMEZ; M.<br>EVANS; T. SURGES; J. STOCKER;<br>MAILROOM STAFF; SALINAS<br>VALLEY STATE PRISON;<br><br>    Defendants.<br>                                              / | No. C 13-5773 WHA (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING EXTENSION OF TIME; DENYING APPOINTMENT OF COUNSEL**<br><br>(Dkt. 3, 4) |

**INTRODUCTION**

Plaintiff, a California prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. 1983. He has also filed an "amendment" to the complaint (dkt. 5), which has been considered. He paid the filing fee. Based on a review of his complaint pursuant to 28 U.S.C. 1915, the complaint is dismissed for failure to state a cognizable claim for relief.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro

1 se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

## B.     LEGAL CLAIMS

Plaintiff alleges that officials at Salinas Valley State Prison ("SVSP") improperly opened and destroyed his legal mail in 2005. He indicates that he brought this claim in 2005 in Monterey County Superior Court, and he attaches the order from that court denying the claim but recommending improvements in prison procedures for handling mail to enure against inadvertent opening or loss of legal mail. He alleges that his administrative grievances filed in 2007 and 2008 about his mail were granted.

Plaintiff's first and second claims assert that the foregoing opening and loss of his legal mail was done in retaliation for his filing numerous grievances and civil rights complaints against prison officials. In his third and fourth claims, plaintiff also asserts that the opening and loss of his mail violated his right of access to the courts. These claims are untimely insofar as they are based on events occurring more than four years ago. *See* Cal. Code Civ. P. 335.1, 352.1; *see Grasso v. McDonough Power Equip.,* 264 Cal. App. 2d 597, 601 (1968) (prisoner serving life sentence with possibility of parole entitled to two years of tolling under Section 352.1); *Martinez v. Gomez*, 137 F.3d 1124, 1125-26 (9th Cir. 1998) (following *Grasso*). In

1    addition, as he previously litigated these claims, they are barred by the doctrines of res judicata
2    and collateral estoppel. *See Montana v. United States*, 440 U.S. 147, 153 (1979).

3    In his third claim, plaintiff also argues that when his administrative grievance in 2008
4    was granted, he was not provided the names of the SVSP employees who opened his mail,
5    which violated a "discovery order." He does not specify which discovery order, but if it was an
6    order in one of his prior cases, he must seek a remedy in that case not here.

7    Plaintiff's fifth claim is that prison officials violated his right of access to the courts by
8    failing to maintain a "legal mail ledger" to indicate which SVSP employees were responsible
9    for receiving and passing on legal mail to plaintiff. For the reasons discussed above, to the
10   extent this claim pertains to actions by prison officials with his mail in 2005 or 2007, it is
11   untimely. Moreover, to establish a claim for any violation of the right of access to the courts,
12   the prisoner must prove that he suffered an "actual injury," meaning he been hindered in his
13   efforts to perfect or pursue a non-frivolous claim concerning his conviction or conditions of
14   confinement. *See Lewis*, 518 U.S. at 350-55. Plaintiff does not allege how the lack of a legal
15   mail ledger hindered his efforts to perfect or pursue any non-frivolous claim in the courts.

16   In his sixth claim, plaintiff generally asserts "retaliation by defendants" when they
17   "obstructed, hindered, destroyed evidence, and legal court documents" and prevented him from
18   pursuing his claims in the courts. Plaintiff does not provide any specific allegations about
19   which defendants engaged in this conduct, what actions they took, or when this conduct took
20   place. Plaintiff's conclusory and generalized allegation in this claim does not state "plausible"
21   grounds for relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 1974 (2007).
22   And to the extent this claim is based on the allegations elsewhere in the complaint about the
23   confiscation and loss of his mail in 2005 and possibly in 2007, such claims are time-barred for
24   the reasons described above.

25   In his seventh claim, plaintiff asserts that defendants have been "proven" to have
26   violated his constitutional right of access to his courts by the grant of his administrative
27   grievance in 2008. He seeks to have all "adverse decisions by any Court" in his prior cases
28   reversed, and to have any fees he paid in those cases returned to him. Such a remedy would

1   only be available in those cases, perhaps on appeal, but it is not available in this case.

2         In his eighth claim, plaintiff asserts that prison officials improperly denied his
3   administrative appeals by failing to "recognize" the decision by the Monterey County Superior
4   Court from 2005.  Errors in processing or deciding administrative appeals do not violate a
5   prisoner's constitutional rights because there is no constitutional right to a prison administrative
6   appeal or grievance system.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).
7   Consequently, the denial of his appeals did not violate his constitutional rights.

8         In his ninth claim, plaintiff asserts that he suffered emotional distress from violations of
9   his constitutional rights, which violations he litigated in two prior civil rights cases filed from
10  2004 (Compl. 7; Exh. A at 3A).  He claims that he did not have adequate law library access to
11  "properly" litigate those cases.  Claims of inadequate law library access approximately ten years
12  ago are, for the reasons described above, barred by the statute of limitations.

13        Plaintiff will be granted leave to amend his complaint to allege, if he can do so in good
14  faith, any constitutional violations that accrued no more than four years before he filed this
15  case, and that have not been already been litigated in another case.

16        **CONCLUSION**

17        For the reasons set out above, it is hereby ordered as follows:

18        1.  The complaint is **DISMISSED** with leave to amend, as described above, within **28**
19  **days** of the date this order is filed.  The amended complaint must include the caption used in
20  this order and the civil case number C 13-5773 WHA (PR) and the words FIRST AMENDED
21  COMPLAINT on the first page.  Because an amended complaint completely replaces the
22  original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v.*
23  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the
24  original complaint by reference.  <u>Failure to amend within the designated time and in accordance
25  with this order will result in the dismissal of this case</u>.

26        2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
27  informed of any change of address by filing with the clerk a separate paper headed "Notice of
28  Change of Address."  Papers intended to be filed in this case should be addressed to the clerk

4

and not to the undersigned. Plaintiff must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    3. The motion for an extension of time is **GRANTED.** The motion for "appointment" of counsel is **DENIED** at this time because plaintiff does not have any cognizable claims for relief. Should the circumstances of the case warrant appointment of counsel after plaintiff amends his complaint, the request for appointment of counsel will be reconsidered.

    **IT IS SO ORDERED.**

Dated: February __10__, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE