1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

JOSEPH NICHOLS,

Case No.  13-cv-05773-JD

Plaintiff,

8

v.

**ORDER OF DISMISSAL**

9
10

ELOY MEDINA, et al.,

Defendants.

11
12

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

13

Plaintiff's amended complaint was dismissed with leave to amend.  After several extensions,

14

plaintiff has filed a second amended complaint.

15

**DISCUSSION**

16

**I.       STANDARD OF REVIEW**

17

Federal courts must engage in a preliminary screening of cases in which prisoners seek

18

redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

19

§ 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims

20

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

21

monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

22

pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

23

Cir. 1990).

24

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

25

claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed

26

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

27

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

28

cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above

United States District Court
Northern District of California

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   LEGAL CLAIMS

Plaintiff states many allegations that, starting in 2005, defendants tampered with his legal mail and have withheld or lost his property. The statute of limitations for civil actions filed in California is two years, as set forth at California Civil Procedure Code § 335.1, which is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Because an inmate suffers from the disability of imprisonment, an inmate has, for claims accruing after 2002, four years to bring a § 1983 claim for damages in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment. California Civil Procedure Code § 352.1(a); *Johnson v. State of California*, 207 F.3d 650, 654 (9th Cir. 2000).[1] Under federal law, a claim generally accrues for limitations purposes when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999).

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused

---

[1] The two years of tolling is for prisoners serving less than a life term. The Court is not aware of plaintiff's sentence, but even with the two years tolling many of these claims remain untimely, as will be discussed below. California Civil Procedure Code § 352.1(a)

1   him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must

2   show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous

3   claim concerning his conviction or conditions of confinement. *See id.* at 354-55.

4         Neither the alleged negligent nor intentional deprivation of property states a due process

5   claim under § 1983 if the deprivation was random and unauthorized. *Parratt v. Taylor*, 451 U.S.

6   527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on

7   other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S.

8   517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate

9   state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate

10  procedural due process. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986). California law

11  provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*,

12  31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

13        Plaintiff alleges many instances between 2005 and 2008 when defendants interfered with

14  his legal mail. This case was filed on December 13, 2013, therefore the claims for this time period

15  are untimely. Moreover, plaintiff stated in his original complaint that he brought a claim in

16  Monterey County Superior Court in 2005 regarding the interference with his legal mail, therefore

17  claims brought in this action could be barred by res judicata and collateral estoppel. Plaintiff was

18  informed that he must address these issues in the second amended complaint. Plaintiff makes

19  vague arguments that he is entitled to several additional years of tolling because an inmate appeal

20  was not timely processed in 2008. This argument is meritless and plaintiff's own exhibits contain

21  appeals that were appropriately processed. Plaintiff has also failed to show an actual injury in his

22  efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement, to

23  support a constitutional claim.

24        Plaintiff's allegation that defendants lost or confiscated his property in 2014, while timely,

25  also fails to state a claim. This allegation fails to state a § 1983 claim due to the availability of a

26  state post-deprivation remedy, nor has plaintiff presented any allegations of a denial of access to

27  the courts. Plaintiff also argues that defendants improperly processed his inmate appeals.

28  However, there is no constitutional right to a prison administrative appeal or grievance system.

United States District Court
Northern District of California

3

*See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).[2]  As plaintiff has already been provided an opportunity to amend and as he has failed to cure the deficiencies discussed by the Court, this action is dismissed without leave to amend for failure to state a claim.

**CONCLUSION**

1.      The complaint is **DISMISSED** without leave to amend for the reasons set forth above.

2.      The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated:  October 3, 2014

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

---

[2] Plaintiff also presents conclusory allegations that a recent transfer to another prison was retaliatory.  He has failed to state a claim and as the transfer just occurred, it is not clear that he has exhausted that claim.  As this claim is not related to the substance of the instant complaint, it will be dismissed without prejudice, but plaintiff may file a new action with that allegation if he chooses.

1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    JOSEPH NICHOLS,                          Case No.  13-cv-05773-JD

                  Plaintiff,
8
                                              **CERTIFICATE OF SERVICE**
9           v.

10   ELOY MEDINA, et al.,

                  Defendants.
11

12          I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
     District Court, Northern District of California.
13

14          That on 10/3/2014, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
15   said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
     located in the Clerk's office.
16

17   Joseph  Nichols ID: H-87217
     Calif. State Prison--L.A. County
18   P.O. Box 8457
     Lancaster, CA 93539-8457
19

20

21   Dated: 10/3/2014

22

23                                            Richard W. Wieking
                                              Clerk, United States District Court
24

25

26   By
     LISA R. CLARK, Deputy Clerk to the
27   Honorable JAMES DONATO

28

                                                  5

*United States District Court*
*Northern District of California*